WENTWORTH, Senior Judge.
This is an appeal from an order of a judge of compensation claims granting a claim for reimbursement pursuant to section 440.42(2), Florida Statutes (1991). We affirm the order insofar as it finds in material part as follows:
The sole controversy between the parties was a dispute between the carriers, Florida Fruit & Vegetable Association (hereinafter FFV) and Florida Chamber of Commerce Workers’ Compensation Commercial Insurance Fund (hereinafter FCF), as to which was the carrier at risk on December 18, 1992, claimant’s date of accident. FCF assumed the medical and indemnity liability as it pertains to the claimant, Inelda Smith’s claim, and filed a claim for reimbursement pursuant to Florida Statute Section 440.42. The subsidiary facts in connection therewith are without dispute.
The Employer, CUSHMAN FRUIT COMPANY, INC., (hereinafter “CUSH-MAN”) had a Workers’ Compensation policy with FFV that began in January, 1971, and their most recent annual renewal was for the time frame of January 1, 1992 through December 30, 1992....
Cushman Fruit, decided to switch their coverage to FCF. MR. CUSHMAN and a representative of O’Neil, Lee & West ... signed a binder on December 22,1992, two days after the Inelda Smith accident. The parties agreed coverage with FCF would become effective after FCF approved CUSHMAN as a member of the FCF, and would be effective, retroactively, as of December 31, 1992.
FCF issued a policy of insurance to Cushman Fruit ... listing as the effective date December 18,1992. FCF also sent a Certificate of Insurance to the Division of Workers’ Compensation in Tallahassee listing as the effective date December 18, 1992.
O’Neil, Lee & West advised FCF to file a revised Certificate of Insurance to reflect the December 31, 1992 effective date, along with a Letter of Assumption sent to FFV on March 9, 1993. The revised Certificate of Insurance was rejected by the Division of Workers’ Compensation, which instructed FCF that the only way to amend the effective date is for the prior carrier, FFV, to assume any and all liability from December 18, 1992 through December 31, 1992.
Pursuant to the stipulation of the parties and based upon the ... evidence, I find that Cushman’s intent, and FCF’s intent, was that the two parties enter into the Insurance Contract with coverage to have been effective December 31, 1992. I find the original Certificate of Insurance which was erroneously dated December 18, 1992 was ineffective to create coverage, and that the revised Certificate of Insurance listing December 31, 1992 as the effective date of the FCF policy is in accordance with the intent of FCF and Cushman.
Florida Statute 440.42(2), states:
When duplicate or dual coverage exists by reason of two different carriers having issued policies of insurance to the same employer securing the same liability, it shall be presumed that only that policy with the later effective date shall be enforced and that the earlier policy terminates upon the effective date of the latter....
*578 Since the binder for insurance signed by Cushman was not signed until 2 days after the accident in question, and the binder was not approved by FCF until 23 days after the date of accident, no duplicate or dual coverage existed pursuant to F.S. 440.42, State Farm Fire & Casualty v. Argonaut Insurance Company, 379 So.2d 970 (Fla. 1st DCA 1979) Therefore, FFV was the carrier at risk on December 20, 1992....
AFFIRMED.
MINER and WOLF, JJ., concur.